UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CHRISTOPHER JAMES FROMMIE, | \* | CIV 22-4082 |
| Petitioner, | \* | |
| vs. | \* | ORDER REGARDING OBJECTIONS |
| | \* | AND GRANTING PETITIONER'S |
| FEDERAL BUREAU OF PRISONS and WARDEN BENNET, | \* | MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES |
| Respondents. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On June 27, 2022, Petitioner James Frommie, an inmate at the Terre Haute Federal Correctional Institution, applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1. Respondent moved to dismiss. A Report and Recommendation was entered recommending granting the Motion to Dismiss. Objections were due by September 6, 2022.

On October 31, 2022, Petitioner filed a Notice of Change of Address, Doc. 15, advising the Court he had been moved to a different facility. An Order was entered by the Court on November 8, 2022, for a copy of the Magistrate Judge's Report and Recommendation to be furnished to Petitioner, and allowing an additional fourteen (14) days after that service for the Petitioner to file objections.

When no objections were filed, the Court entered its Order and Judgment on November 30, 2022, granting Respondents' Motion to Dismiss and denying Petitioner's Petition for Writ of Habeas.

Petitioner Frommie filed Objections to the Report and Recommendation on December 7, 2022, Doc. 19, and stated he did not receive the Report and Recommendation until the night of November 14, 2022.

Accordingly, this Court has reviewed Petitioner's Objections and the entire file *de novo* even

though they are not timely.

The Objections are met by the Report and Recommendation. The BOP was required to aggregate the two sentences by 18 U.S.C. § 3584(c) as it requires that for "administrative purposes," all sentences imposed on multiple convictions shall be treated "as a single, aggregate term of imprisonment." Key to those considerations is whether or not the determination by the Bureau of Prisons (BOP) was an administrative determination. This Court concludes, as does the Report and Recommendation, that the aggregation determination by the BOP was an administrative determination.

The BOP position is that the First Step Act provision in question is ambiguous in that it speaks in terms of serving a "sentence of conviction." Both "sentence" and "conviction" are in the singular, not the plural, form of the words. That administrative determination is entitled to deference as it is a reasonable interpretation "in light of the text, nature, and purpose of the statute." *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. 261, 277 (2016). To be a reasonable interpretation it need not be the only interpretation reasonably possible. This portion of the First Step Act that speaks in the singular was passed when the aggregation statute was in place, 18 U.S.C. § 3584(c), so it is consistent with Congressional intent for a single aggregated sentence to not qualify for First Step Act benefits if a part of that aggregated sentence contained a disqualifying offense as in the present case.

In either event, whether the First Step Act provision of serving "a sentence for a conviction" is ambiguous or not, the result is the same, the Petitioner here is not entitled to the benefit of the First Step Act. Petitioner's objections would again be overruled, but the Petitioner has appealed, so this Court is without jurisdiction other than to consider Petitioner's Motion to Appeal Without Prepayment of Fees. Frommie filed a Notice of Appeal, Doc. 20, on December 12, 2022, a Motion to Appeal Without Prepayment of Fees, Doc. 21, and provided the Court with his Prisoner Trust Account Report, Doc. 22.

The Eighth Circuit historically has looked to district courts to rule on in forma pauperis

motions for appeal and has held that the filing-fee provisions of the Prison Litigation Reform Act do not apply to habeas corpus actions. *Malave v. Hedrick*, 271 F.3 1139, 1140 (8th Cir. 2001) (per curiam). To determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915(a)(1), (3).

Frommie's prisoner trust account report indicates that he has average monthly deposits of $104.12 and an average monthly balance of $205.14, Doc. 22 at 1. Frommie's notice of appeal appear to be taken in good faith. Frommie has insufficient funds to pay the $505.00 appellate filing fee, thus his Motion to Appeal without prepayment of fees, Doc. 21, granted. Accordingly,

IT IS ORDERED that Frommie's Motion to Appeal Without Prepayment of Fees, Doc. 21, is granted.

Dated this 21st day of December, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

3